## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

BILLY T. RABUN,             )
                      )
        Petitioner,     )
                      )
        v.             )         No. 4:21-CV-1446 SPM
                      )
DORIS FALKENRATH,     )
                      )
        Respondent.    )

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Authorize Discovery filed by Missouri state prisoner Billy T. Rabun ("Petitioner") in this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 10). Respondent has filed an opposition to the motion. For the following reasons, the motion will be denied.

### A. BACKGROUND

Petitioner Billy T. Rabun is a Missouri state prisoner who is currently serving a thirty-year sentence for assault in the first degree and armed criminal action in the first degree. Petitioner, acting through counsel, has filed a habeas petition asserting seven grounds for relief: two claims of trial court error, four claims of ineffective assistance of trial counsel, and one claim of ineffective assistance of appellate counsel. The only claim relevant to the instant motion is Claim 6, in which Petitioner alleges that his trial counsel was ineffective in failing to subpoena the records from three cell phones belonging to three specific individuals. Petitioner alleges in the Petition that if his counsel had obtained those cell phone records, there is a reasonable likelihood that Petitioner would have been acquitted. The petition contains no allegations about what these cell phone records might have shown. The petition also does not state whether this ineffective assistance of trial claim was raised in state court proceedings. In her response, Respondent argues that the Court

may not consider Claim 6, because it was not properly raised in state court proceedings and thus has been procedurally defaulted. Petitioner's time to file a reply has not yet expired, as it has been extended pending the Court's resolution of the instant motion.

In the instant Motion to Authorize Discovery, Petitioner seeks leave to discover, by way of subpoena or court order, the cell phone records from the dates of July 9, 2014, to July 10, 2014, for the three cell phone numbers specified in Claim 6. He states that this information is necessary to support the claim for relief in Claim 6 of his habeas petition. He does not explain what he expects these records to show, how he expects the information in these records to support Claim 6, or how the discovery sought might allow the Court to consider Claim 6 despite the apparent procedural default.

### B.  Legal Standards

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." In interpreting the "good cause" portions of this rule, the Supreme Court has noted that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quotation marks omitted)." *See also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) ("The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'") (quoting *Bracy*, 520 U.S. at 909).

In assessing whether there is good cause to authorize discovery under Rule 6, courts also take into account the strict statutory limits on when federal courts may consider evidence outside

the state-court record in evaluating a habeas claim. *See* 28 U.S.C. § 2254(e)(2) (stating that if a petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless the petitioner shows, *inter alia*, that the claim relies on either "a new rule of constitutional law" or "a factual predicate that could not have been previously been discovered through the exercise of due diligence"); *Marcyniuk v. Payne*, 39 F.4th 988, 999-1000 (8th Cir. 2022) (affirming district court's denial of request for discovery and evidentiary hearing where the petitioner could not demonstrate either that § 2254(e)(2) did not apply to him or that he could satisfy § 2254(e)(2)'s requirements; *Worthington v. Roper*, No. 4:05-CV-1102 CAS, 2008 WL 2952116, at *3 (E.D. Mo. July 28, 2008) (denying motion to authorize discovery under Rule 6 where the petitioner could not satisfy the requirements of § 2254(e)(2)).

## C. DISCUSSION

After review of the petition, the parties' briefs, and the relevant portions of the record, the Court finds that Petitioner has not shown good cause for the Court to authorize the discovery he seeks, because he has not made a showing that he might be entitled to habeas relief if the facts related to Claim 6 were more fully developed. Specifically, the Court finds that Claim 6 has been procedurally defaulted due to Petitioner's failure to raise it in state court, and that Petitioner has not made any argument or allegations from which the Court could conclude that Petitioner may be entitled to relief on Claim 6, either with or without the requested discovery.

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* Under Missouri law, claims of ineffective assistance of trial counsel must be brought through a Rule 29.15 motion for post-conviction relief. Mo. Sup. Ct. Rule 29.15(a). "Missouri procedure requires that a claim be

presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980). Thus, an ineffective assistance of counsel claim is procedurally defaulted if a Missouri prisoner fails to raise it in the appeal from the denial of a motion for post-conviction relief. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (claim of ineffective assistance of counsel that was presented in motion for post-conviction relief but not on appeal from the denial of that motion was procedurally defaulted); *Osborne v. Puckett*, 411 F.3d 911, 919 (8th Cir. 2005) ("Although Osborne raised this failure-to-investigate claim in his Rule 29.15 motion to the state trial court, he did not include this specific ineffectiveness claim in his appeal to the Missouri Court of Appeals. This claim is now procedurally barred.") (footnote omitted).

The record currently before the Court does not establish whether Petitioner raised Claim 6 in his initial motion for post-conviction relief. However, as Respondent argues, the record does show that Petitioner did not raise Claim 6 in the appeal from the denial of his motion for post-conviction relief. Resp't Ex.G, Doc. 7-7; Resp't Ex. I, Doc. 7-9. Thus, Claim 6 has been procedurally defaulted. *See Arnold*, 675 at 1087; *Osborne*, 411 F.3d at 919).

The federal habeas court can consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Luebbers*, 446 F.3d at 896 (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). However, Petitioner has not offered any argument for why there is cause for the default or actual prejudice from the default, nor has Petitioner argued that the default would result in a fundamental miscarriage of justice. Petitioner has also not argued that the requested discovery would allow him to make any such showing.

As Respondent points out, it is possible that Petitioner could argue that the default of Claim 6 should be excused because Petitioner's post-conviction counsel was ineffective in failing to raise Claim 6, and that Petitioner should be allowed to develop the facts in support of Claim 6 that

should have been developed by his ineffective post-conviction relief counsel but were not. *See Martinez v. Ryan*, 566 U.S. 1 (2012) (holding that ineffective assistance of postconviction counsel may constitute "cause" to excuse the procedural default of an ineffective assistance of trial counsel claim). However, even assuming that Petitioner was to make that argument, that would not suffice to show good cause for the requested discovery. While the instant motion was pending, the Supreme Court held that even where the failure to develop evidence relevant to an ineffective assistance of trial counsel claim was the fault of ineffective post-conviction relief counsel, the federal habeas court may not consider evidence outside the state-court record unless the petitioner can satisfy the stringent requirements of § 2254(e)(2). *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022). Here, Petitioner has made no attempt to show that the requirements of § 2254(e)(2) are met or that the Court could consider any evidence that might be developed through the discovery he seeks.

For all of the above reasons, Petitioner has not made a showing that even with this discovery, he might be entitled to habeas relief, and the Court finds no good cause to authorize the discovery sought. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Authorize Discovery (Doc. 10) is denied, without prejudice.

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2022.