UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLY RABUN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | Case No. 4:21-CV-01446-SPM |
| ) | |
| DORIS FALKENRATH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the petition of Missouri state prisoner Billy Rabun ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 6). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 6). For the following reasons, the petition will be denied.

**I.  FACTUAL BACKGROUND**

The Missouri Court of Appeals summarized the facts of Petitioner's case as follows:

> The State charged [Petitioner] with first-degree assault, first degree robbery and two counts of armed criminal action. At trial, the victim testified that he met with [Petitioner] for the purpose of selling him a stolen car and that [Petitioner] shot him repeatedly. Sparkle Haney, who was [Petitioner]'s girlfriend, told the jury that [Petitioner] had been with her at her home on the night in question. During cross-examination, the prosecutor questioned Haney about the fact that she did not inform the police of [Petitioner]'s alibi after he had been indicted. She answered, without objection, "No, I called a lawyer, an attorney." The prosecutor then elicited from Haney that she had hired [Petitioner]'s trial counsel, met with him, and talked to him regularly. The prosecutor also brought up a phone conversation Haney had with [Petitioner] while he was incarcerated, and asked if [Petitioner] became upset with her because she had not told trial counsel about [Petitioner]'s alibi. Haney responded that [Petitioner] did not become upset and had simply asked her if she had told trial counsel about his alibi. The prosecutor asked, "And you told him no?" and Haney responded, "He asked me why, and I said, because I'm not credible."

1

>The prosecutor subsequently asked, "And he was mad at you because now he's been indicted for six months . . . [a]nd you haven't told anyone that you're his alibi?" and Haney answered, "He wasn't mad." Trial counsel then objected and stated to the trial court:
>
>>[I]n continued . . . cross-examination, [the prosecutor] has attempted to inject me into the mix as a witness to these events, as a witness to alibi discussions. And I'm not going to be drawn into that as a witness, and it is improper for her to suggest to this jury through cross examination that somehow I should be goaded into testifying about what was discussed with [Haney], when there was a discussion about alibis, when that was discussed with [[Petitioner]], and that's what all these questions were meant to raise.
>
>The trial court overruled the objection and denied trial counsel's request for a mistrial. During rebuttal, the State moved for the admission of Exhibit 31, which contained recordings of phone calls made by [Petitioner] while he was incarcerated. Trial counsel stipulated to the admission of the exhibit as a business record, noting that he "was agreeing that [the State] didn't have to bring anybody from Jefferson City as to those calls." The trial court admitted the exhibit into evidence, and the prosecutor played several portions of it to the jury. The jury found [Petitioner] guilty of first-degree assault and armed criminal action, but acquitted him of the remaining charges.

Resp't Ex. I, at 2-3.[1]

On October 6, 2015, the jury found Petitioner guilty of assault in the first degree (Count I) and armed criminal action (Count II) and acquitted him of the remaining charges. *Id* at 3. On December 27, 2016, Petitioner was sentenced to 30 years in prison for Count I and 30 years in prison for Count II, to run concurrently. Resp't Ex. B at 4. Petitioner is an inmate at the Jefferson City Correctional Center. ECF No. 1, at 1.

In his direct appeal, Petitioner raised two claims: (1) that the trial court erred and/or abused its discretion by overruling Petitioner's motion to exclude all evidence obtained from cell phone

---

[1] This document contains multiple sets of page numbers. The Court refers to the pagination in the lower right-hand corner.
  Additional facts relevant to Petitioner's specific claims will be set forth in the discussion section below.

number 314-546-7811, which was obtained with an expired search warrant and an affidavit containing false information; and (2) that the trial court erred and/or abused its discretion by denying Petitioner's request for mistrial when the prosecutor stated in her opening statement that Petitioner sold marijuana. Resp't Ex. B, at 9-10.[2] The Missouri Court of Appeals found that Petitioner had not properly preserved either claim, so both claims were subject only to plain error review. Resp't Ex. E, at 3-4, 9. It conducted plain error review of the first claim and found no plain error. *Id.* at 4-8. It likewise conducted plain error review of the second claim and found no plain error. *Id.* at 9-11.

In his amended motion for post-conviction relief, filed pursuant to Mo. Sup. Ct. R. 29.15, Petitioner asserted three claims: (1) that his trial counsel was ineffective for failing to object on burden-shifting grounds to the prosecutor's cross-examination of Petitioner's alibi witness concerning why she did not call the police; (2) that his trial counsel was ineffective for failing to object on foundational grounds to the admission of recordings of prison phone calls; and (3) that his appellate counsel was ineffective for failing to raise on direct appeal preserved error of the trial court's failure to sustain trial counsel's objection to the prosecutor's cross-examination of Petitioner's alibi witness' relationship with trial counsel. Resp't Ex. G at 17. The motion court denied all of these claims after an evidentiary hearing. *Id.* at 17-18.

In the instant petition, Petitioner asserts seven grounds for relief: (1) that the trial court violated Petitioner's rights to due process, to present a defense, and to a fair trial by overruling a motion to exclude evidence from a cell phone; (2) that the trial court violated Petitioner's right to due process and a fair trial when it did not declare a mistrial following the prosecutor's remarks in

---

[2] This document contains multiple sets of page numbers. The Court refers to the pagination in the lower right-hand corner.

3

opening statement that Petitioner sold marijuana; (3) that Petitioner received ineffective assistance of trial counsel based on failure to object to "burden shifting" during the cross-examination of Sparkle Haney; (4) that Petitioner received ineffective assistance of trial counsel due to failure to object to the foundation of recorded prison calls; (5) that Petitioner received ineffective assistance of appellate counsel based on failure to raise the trial court's error in overruling an objection regarding Sparkle Haney's interactions with trial counsel; (6) that Petitioner received ineffective assistance of trial counsel based on failure to subpoena phone records from numbers belonging to Sparkle Haney, Ciara Taylor, and Petitioner; and (7) that Petitioner received ineffective assistance of trial counsel due to failure to conduct additional investigation into the identity of the confidential informant. Pet'n, ECF No. 1.

## II.  LEGAL STANDARDS

### A.  Legal Standard for Reviewing Claims on the Merits

Where a claim has been adjudicated on the merits in state court proceedings, a federal court may grant habeas relief only if the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has the "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1).

A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted).

### B. Legal Standard for Procedurally Defaulted Claims

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)).

### III. DISCUSSION

#### A. Ground One: Trial Court Error in Overruling Motion to Exclude Evidence from a Cell Phone

In Ground One, Petitioner asserts that the trial court erred in overruling his motion to suppress phone record evidence based on a defective warrant. Petitioner argues that the search warrant for records associated with the number 314-546-7811 relied on an affidavit containing

5

false information, specifically, that the cell phone bearing that number was in Petitioner's possession at the time of his arrest.  Petitioner further argues that the warrant was expired at the time of its execution. He asserts that the trial court accordingly should have excluded evidence obtained with the warrant. Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals denied it on plain error review, as the Court noted that Petitioner did not preserve the issue in his motion to suppress or motion for a new trial. Resp't Ex. E at 2-8. Despite Petitioner's allegations that his Fifth, Sixth, and Fourteenth Amendment rights were violated by the alleged error, his claim is grounded in the Fourth Amendment, which protects against "unreasonable searches and seizures" and mandates that "no Warrants shall issue" in the absence of probable cause. U.S. CONST. amend. IV. *See Gerstein v. Pugh*, 420 U.S. 103, 115 (1975). Accordingly, the Court will analyze Petitioner's claim under only the Fourth Amendment.

The Supreme Court of the United States has held that Fourth Amendment claims are not cognizable in a federal habeas action unless a petitioner did not receive a "full and fair opportunity" to litigate the claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Eighth Circuit has interpreted *Stone* to allow Fourth Amendment claims as a cognizable basis for habeas relief in two distinct situations: (1) when the "state provided no procedure by which the prisoner could raise his Fourth Amendment claim," or (2) when "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc) (adopting the Second Circuit's test set out in *Capellan v. Riley*, 975 F.2d 67, 70 (2nd Cir. 1992)).

The first part of the test is "simple enough—either the state has a system available for raising Fourth Amendment claims or it does not (and we are unaware of any state that does not)." *Id.* at 1272. Missouri provides a procedure for raising Fourth Amendment claims,

6

including Missouri Supreme Court Rule 24.05 and Mo. Rev. Stat § 542.296, so Petitioner does not fall under the first exception to *Stone*'s bar. *See Wright v. Godert*, 2019 WL 414807, at *8 (E.D. Mo. Feb. 1, 2019).

For the second prong, whether a defendant was precluded from using the State's procedure due to an "unconscionable breakdown in the underlying process," the Eighth Circuit has commented that, "it will be the rare case where there is a failure of that mechanism that reaches constitutional dimensions." *Willett*, 37 F.3d at 1272. The Eighth Circuit further instructed that "federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Id.* at 1273. Petitioner does not argue that he was not given an opportunity for full and fair litigation of his claims. Indeed, Petitioner filed a motion to quash the search warrant and to suppress evidence at the state court level. Resp't Ex. C at 16-18; Resp't Ex. A at 10-27. Petitioner sought to suppress the phone record evidence on grounds that the search warrant was illegally and improperly issued. *Id.* After a hearing on the motion, the trial court denied the motion to suppress. *Id*. Therefore, the record establishes that Petitioner had an opportunity to full and fair litigation of his claim, and his Fourth Amendment ground for relief is not cognizable in this § 2254 proceeding. Additionally, there is no evidence in the record indicating that he may have been foreclosed from using the procedure because of an "unconscionable breakdown in the underlying process." *Willett*, 37 F.3d at 1272.

Accordingly, as both parties acknowledge, Petitioner's Fourth Amendment claims are not cognizable under *Stone v. Powell*.

Even if it were cognizable, in denying this ground on appeal the Missouri Court of Appeals determined that the issuing court had a substantial basis for determining probable cause existed for

the warrant. Resp't Ex. E at 2-6. The state court further found that the officer filed the affidavit in support of the warrant in good faith and without reckless disregard for the truth. *Id.* at 67. Finally, the Missouri Court of Appeals found that probable cause continued to exist at the time of the warrant's execution and accordingly the trial court's failure to suppress the phone records did not constitute constitutional error. *Id.* at 7-8. The state court correctly identified the governing legal standards, and its determination was not an incorrect or unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). As the appellate court's determination also did not involve an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, *see* 28 U.S.C. § 2254(d)(2), the decision is entitled to deference.

For the above reasons, this Court will not grant relief on Ground One.

### B. Ground Two: Trial Court Error in Failing to Declare a Mistrial due to Prosecutor's Remark in Opening Statement that Petitioner Sold Marijuana

In Ground Two, Petitioner asserts that the trial court erred in denying his motion for mistrial because the State referenced Petitioner's prior sales of marijuana to the victim in opening statement. Petitioner argues that this statement was inadmissible evidence of uncharged bad acts and accordingly he was denied rights to due process and a fair trial. Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals denied it on the merits.

Petitioner argues that the trial court should have granted a mistrial after the prosecutor made the following comments in opening statement:

> [The victim] went to prison for stealing nice cars in 2011, and while he was in prison he met [Petitioner]. [Petitioner] got out, [the victim] got out a little while later. [The victim] never really expected to see [Petitioner] again, but he did. Sometime in 2014, several months after [the victim] had been released, he ran into [Petitioner] at the Galleria. They exchanged phone numbers, they hung out a few times. From time to time [the victim] would buy marijuana from [Petitioner].

8

Resp't Ex. A at 299. Trial counsel objected that "[t]here's never been any discussion prior to this opening statement that [Petitioner] was going to be designated as a marijuana dealer for [the victim]" and that the evidence constitutes inadmissible uncharged bad acts. *Id.* at 299-300. The prosecutor communicated that she and trial counsel had discussed the issue and the prior marijuana sales had come up at [the victim's] deposition. *Id.* at 300. As a result, she had "every belief that [trial counsel] was going to cross [the victim] about it ad nauseam." *Id*. Trial counsel countered that "[w]hat's disclosed doesn't mean what's admissible" and moved for a mistrial. *Id.* at 300. The trial court denied the motion for a mistrial because "[t]his is how they hooked up, marijuana.". *Id.*

To the extent that Petitioner's claim is that the trial court erred in its ruling on an evidentiary matter, this claim is not cognizable for purposes of habeas review. "Rules of evidence and trial procedure are usually matters of state law. A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006) (quoting *Adail v. Wyrick*, 711 F.2d 99, 102 (8th Cir. 1983)). "Improper remarks by the prosecutor can violate the Fourteenth Amendment if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Barnett v. Roper*, 541 F.3d 804, 812 (8th Cir. 2008) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). *See also Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir. 2006) ("To grant habeas relief based on an inappropriate comment from a prosecutor, the comment must be so inappropriate as to make the trial fundamentally unfair"). To grant habeas relief based on an improper remark by a prosecutor, "[t]here must be a 'reasonable probability' that the error affected the jury's verdict and that without the error, the jury's verdict would have been different." *Id.* (citations omitted). *See also Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (stating that to obtain habeas relief based on improper remarks by a prosecutor, "[a]

9

petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety the verdict probably would have been different.'") (quoting *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995)).

The Missouri Court of Appeals found that Petitioner had failed to preserve the error at trial by presenting it to the trial court in a motion for new trial, as required under Missouri law. Resp't Ex. E, at 9 (citing *State v. Walter*, 479 S.W.3d 118, 123 (Mo. Banc 2016)). Because the error was not preserved, the Missouri Court of Appeals reviewed it only for plain error. Resp't Ex. E at 9-11. The court found the plain error standard not satisfied because the reference did not have a decisive effect on the jury's determination, stating:

> The State's reference to the victim's purchasing of marijuana from [Petitioner] was made with a good faith belief that the evidence would be admissible at trial because the State specifically noted that, based on the parties' discussions, it anticipated [Petitioner] would cross-examine the victim regarding this information. The information was ultimately admitted at trial as it tended to establish the victim's identification of [Petitioner] as the shooter, which was at issue. Moreover, [Petitioner]'s sale of drugs to the victim was again elicited by [Petitioner]'s own cross-examination of the victim questioning his relationship with [Petitioner].
>
> This Court finds no manifest injustice or miscarriage of justice that resulted from the State's opening statement. The State referenced [Petitioner]'s sale of marijuana to the victim in its opening statement with the reasonable belief that the information would be introduced as evidence. Testimony regarding this statement was ultimately admitted at trial and the trial court properly instructed the jury that opening statements were not to be considered evidence.

Resp't Ex. E at 10-11.

The Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Additionally, the state court's conclusion has factual support in the record: the marijuana sales between Petitioner and the victim came up both during direct examination of the victim for purposes of identification, (Resp't Ex. A at 330-32), and during cross-examination of the victim for purposes of impeachment (Resp't Ex.

10

A at 370-73, 377). Specifically, as part of challenging the victim's credibility during cross examination, trial counsel elicited such information from the victim as: that he called Petitioner in order to purchase marijuana; that he had known since they were incarcerated together that Petitioner sold marijuana; and that Petitioner came to the home of the victim's sister to sell marijuana. Resp. Ex. A. at 370-377. Petitioner does not presently assert that this evidence in the direct or cross examination of the victim was improperly admitted. Accordingly, the Court also finds, contrary to Plaintiff's contention, that the Missouri Court of Appeals' decision did not rest on an unreasonable determination of facts.

For the above reasons, the Court will deny relief under Ground 2.

### C. Ineffective Assistance of Trial Counsel

*1. Ground Three: Failure to Object to "Burden-Shifting" Cross Examination of Sparkle Haney*

In Ground Three, Petitioner argues that his trial counsel was ineffective because he failed to make a timely objection on to the prosecutor's cross-examination of Petitioner's alibi witness, Sparkle Haney, regarding why she did not tell the police about Petitioner's alibi.

At trial, Ms. Haney testified that Petitioner was with her at her house the during the time of the shooting. Resp't Ex. A at 779-782. On cross examination, the prosecutor asked Ms. Haney, "[Y]ou didn't call the St. Louis Police Department and say, [Petitioner] couldn't have done this, he was with me, did you?" to which Ms. Haney responded, "I didn't say anything because he was just wanted for questioning." Resp't Ex. A at 806. The prosecutor continued, "But after he was indicted, you didn't call the police department and say that either, did you?" and Ms. Haney responded, "No, I called a lawyer, an attorney." *Id.*

In his amended motion for post-conviction relief, Petitioner asserted that trial counsel was ineffective because he failed to object "on the grounds of burden shifting" to the prosecutor's

11

"attempt[] to discredit Ms. Haney by implying she had a duty to come forward that she did not actually have." Resp't Ex. G at 26. At the hearing held by the motion court, trial counsel testified that he did not think it was "pertinent" to object on burden-shifting grounds to the cross-examination, explaining, "I didn't think she—it was cross examination of Ms. Haney. I didn't think [the prosecutor] was shifting the burden. All she was trying to do was to show to the jury that the alibi was manufactured." Resp't Ex. F at 10-11. He testified that, with regard to his strategy with objections based off of his experience as a trial lawyer, "[y]ou go with what strikes you as most important" (Resp't Ex. F at 18).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). This right applies through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). To show ineffective assistance of counsel, a petitioner must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Where, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 201 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Here, in affirming the motion court's denial of this claim, the Missouri Court of Appeals noted the applicable two-prong standard established in *Strickland*. Resp't Ex. I at 3-4. It further noted that under state law, to assert a successful claim of ineffective assistance of counsel for failure to object, Petitioner must show that (1) counsel's objection would have been meritorious, and (2) that the failure to object resulted in a substantial deprivation of his right to a fair trial.[3] *Id.* at 4. The Missouri Court of Appeals found that Petitioner failed to show that trial counsel's "burden-shifting" objection to the cross-examination of Ms. Haney would have been meritorious. *Id.* It noted that, despite there being no duty to inform the police of an alibi, Missouri courts "generally allow prosecutors to impeach the credibility of alibi witnesses by asking them why they failed to inform the police of exculpatory information." *Id.* The Missouri Court of Appeals accordingly determined that, here, an objection based on "burden-shifting" to the prosecutor's cross-examination of Ms. Haney "would have had no merit" and the motion court did not err in denying Petitioner's claim. Resp't Ex. I at 4-5.

---

[3] The Court of Appeals cited *Marshall v. State*, 567 S.W.3d 283 (Mo. App. E.D. 2019), a case citing *Strickland* and applying the *Strickland* standard.

13

The Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, *Strickland*, nor was it based on an unreasonable determination of the facts. The state court, relying on state law, reasonably found Petitioner could not establish a *Strickland* claim because the objection would not have succeeded, and accordingly trial counsel reasonably refrained from raising the objection and Petitioner suffered no resulting prejudice. It is not the role of this Court to second-guess the state court's determination about a question of Missouri law. *See Arnold v. Dormire,* 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."). The Missouri Court of Appeals' conclusion is also consistent with federal law. *See, e.g.*, *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980) ("Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted" and each jurisdiction may develop its own rules of evidence to address "when prior silence is so inconsistent with present statements that impeachment by reference to such silence is probative") (internal citations omitted). *See also United States v. Hale*, 422 U.S. 171, 176 (1975) ("Silence gains more probative weight where it persists in the face of accusation" for purposes of impeaching the credibility of a witness).

For all of the above reasons, Ground Three will be denied.

> 2. *Ground Four: Failure to Object on foundational grounds to admission of recorded prison calls*

In Ground Four, Petitioner argues that his trial counsel was ineffective in failing to object on foundation grounds to the admission of recorded calls.

In his amended motion for post-conviction relief, Petitioner argued that reasonably competent counsel would have objected that Exhibit 31, which contained recordings of phone calls made by Petitioner while he was incarcerated, lacked foundation for admission. Petitioner asserted

14

that he was prejudiced as a result of trial counsel failing to make such objection. Resp't Ex. G at 33-38. At the hearing held by the motion court, trial counsel testified that he stipulated that the recorded jail calls were business records "so we wouldn't have to bring in someone from [Jefferson City Correctional Center]." Resp't Ex. F at 19. He further testified that he "thought it was insignificant" to bring in a custodian of records to testify and confirmed the decision was "to streamline the process." *Id*. He explained, while not necessarily trial strategy, his stipulation was intended to "try to maintain a collegial relationship during a[n] adversarial trial," and that he believed "[t]here was no reason to be difficult" about the admissibility of the calls. *Id.*

In its post-conviction opinion, the Missouri Court of Appeals found that Petitioner failed to satisfy the two prongs of *Strickland*. It stated:

> A stipulation is generally a matter of trial strategy and will not support a claim of ineffective assistance of counsel…Highly competent attorneys frequently enter into stipulations during trial so that witnesses do not have to travel to testify for the purpose of laying foundation for exhibits. Trial counsel's courtesy, which he expected the State would return, was reasonable trial strategy.
>
> Moreover, to prevail on a claim of ineffective assistance of counsel for failing to object to the admissibility of an exhibit based on lack of foundation, a movant must establish that the necessary foundation could not have been laid to overcome such an objection. Movant failed to show that even if trial counsel had objected to the admission of Exhibit 31, the State could not have otherwise laid the proper foundation for its admission by having a witness testify at trial.

Resp't Ex. I at 5-6 (internal citations and quotation marks omitted).

The Missouri Court of Appeals' decision was not contrary to or an objectively unreasonable application of *Strickland*. The court properly articulated the *Strickland* standard. Resp't Ex. I at 3-4. Specifically, with regard to the first *Strickland* prong (deficient performance), it was not objectively unreasonable for the state court to find that Petitioner's counsel did not act contrary to what a reasonably competent attorney would do in a similar situation. Nor was the state court's finding that Petitioner was not prejudiced unreasonable, as Petitioner failed to

15

establish that the State could not have laid the proper foundation absent the stipulation. Indeed, during trial, trial counsel alluded to someone "from Jefferson City" who could have done so by testifying. Resp't Ex. A at 835. Therefore, the Missouri Court of Appeals decision was not "contrary to, [nor did it] involve [ ] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  For this and the above reasons, the Court will deny relief on Ground Four.

### D.  Ground Five: Ineffective Assistance of Appellate Counsel

In Ground Five, Petitioner argues that his appellate counsel was ineffective in failing to raise on direct appeal the trial court's allegedly erroneous rulings regarding the State's questions about Ms. Haney's alibi-related communications with Petitioner's trial counsel.

In his amended motion for post-conviction relief, Petitioner asserted that the prosecutor's line of questioning improperly implicated trial counsel as a witness and that his appellate counsel should have challenged on appeal the trial court's failure to sustain trial counsel's objection. Resp't Ex. G at 39-47. Petitioner further asserted he was prejudiced by this deficiency of appellate counsel. *Id.* At the hearing held by the motion court, appellate counsel testified she reviewed Petitioner's case and trial counsel's objection that the prosecutor had tried "to interject [trial counsel] as a witness or make it so that he would have to be used to impeach [Ms. Haney's] testimony." Resp't Ex. F at 24. She communicated her opinion that she "didn't agree with the objection" because, from her reading of the transcript, "what the prosecutor was doing was trying to impeach the credibility of Ms. Haney" as "the alibi witness." Resp't Ex. F at 25-26.  In appellate counsel's view, the prosecutor was not inquiring into Ms. Haney's interactions with trial counsel,

16

but was inquiring, "did [Petitioner] get upset with you because you didn't bring up the alibi." *Id.* Appellate counsel also confirmed that she used her reasonable professional judgment to determine "the best legal course of action to undertake [Petitioner's] appeal," which resulted in her decision not to pursue the above objection to the cross-examination of Ms. Haney. Resp't Ex F. at 29-30.

In affirming the motion court's denial of this claim, the Missouri Court of Appeals properly recognized the applicable two-prong standard established in *Strickland*.[4] Resp't Ex. I at 5-6. The state court first noted that Petitioner's claim would not have been meritorious. *Id.* at 6. Relying on state law, it found that the prosecutor's line of questioning was "permissible for the purpose of impeaching Haney's credibility by showing her hesitation in identifying herself as an alibi witness, her own belief that she was not credible, and the fact that [Petitioner] had pressured her to come forward as an alibi witness." *Id.* (citing *Marshall*, 567 S.W.3d at 291-92). The state court further found that Petitioner had failed to establish that it was in fact necessary for trial counsel to impeach Ms. Haney's testimony, such that he would be "a necessary witness" and compromise his ethical obligations in accordance with Rule 4-3.7(a) of the Missouri Rule of Professional Conduct.[5] *Id.* at 6-7. It then noted generally that counsel is not ineffective for failing to raise a "nonmeritorious claim." *Id.* at 7. Accordingly, the state court found that appellate counsel was not ineffective in electing to omit this issue on appeal. *Id*. (citing *Glover v. State*, 225 S.W.3d 425, 429 (Mo. banc 2007) (per curiam)).

---

[4] The Missouri Court of Appeals did not specifically cite *Strickland*, but it cited a Missouri Supreme Court case citing *Strickland* and applying the *Strickland* standard. *See* Resp't Ex. I at 2-4 (citing *Tisius v. State*, 183 S.W.3d 207, 215(Mo. banc 2006)).

[5] The Model Rule of Professional Conduct set forth in Missouri Supreme Court Rule 4-3.7(a) states: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

The Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, *Strickland*, nor was it based on an unreasonable determination of the facts. The state court reasonably found Petitioner could not establish the first prong of *Strickland* (deficient performance) because counsel made a reasonable strategic decision not to pursue a claim on appeal that would not be meritorious. That conclusion is supported by Petitioner's appellate counsel's testimony at the evidentiary hearing, which indicates that she reviewed this claim but chose not to assert it in appeal because she believed it was unlikely to succeed and that Petitioner would be better served by asserting different claims. The Missouri Court of Appeals' conclusion is also consistent with federal law. *See, e.g.*, *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006) ("When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.") (internal quotation marks omitted). *See also Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). The Court finds nothing in the record to suggest that this claim was clearly stronger than those appellate counsel chose to present.

It is not the role of this Court to second-guess the state court's determination about a question of Missouri law. *See Arnold*, 675 F.3d at 1086 ("We do not second-guess the decision of

18

a Missouri state court on Missouri law."). For this and all of the above reasons, Ground Five will be denied.

### E.  Procedurally Defaulted Claims (Grounds Six and Seven)

In Ground Six, Petitioner argues that his trial counsel was ineffective because he failed to subpoena the cell phone records associated with Ms. Haney's phone number, Petitioner's phone number, and the phone number of an individual named Ciara Taylor. In Ground Seven, Petitioner argues that his trial counsel was also ineffective in failing to conduct additional investigation into the identity of the confidential informant who provided information about the phone number 314-546-7811 to police. For both these claims, Petitioner asserts a violation of his Sixth and Fourteenth Amendment rights. Petitioner did not raise these ineffective assistance of counsel issues in his post-conviction relief appeal. *See* Resp't Ex. I at 1-7; Resp't Ex. G at 19-21.

Respondent argues that both Ground Six and Ground Seven are procedurally defaulted, and the Court agrees. In Missouri, "a claim [must] be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). *See also Kirk v. State*, 520 S.W.3d 443, 457 (Mo. 2017) ("[T]he rule is clearly established that in order to preserve a constitutional issue for appellate review, it must be raised at the earliest time consistent with good pleading and orderly procedure and must be kept alive during the course of the proceedings.") (quoting *State v. Liberty*, 370 S.W.3d 537, 546 (Mo. 2012)). Because Petitioner failed to preserve these claims under Missouri law, as Petitioner concedes, the Court finds that Grounds Six and Seven have been procedurally defaulted.

19

Petitioner does not attempt to make any showing of cause and prejudice, nor does he argue that the fundamental miscarriage of justice exception applies. Thus, this Court may not grant relief on this claim and finds that Grounds Six and Seven must be denied.

## IV. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of March, 2025.